SELECTMEN OF NORWOOD, petitioners.
NEW YORK AND NEW ENGLAND RAILROAD COMPANY,
petitioner.

Norfolk.    December 14, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Abolition of Highway and Railroad Crossings at Grade — Decision of Commissioners — Decree — Order for doing Work of Alterations — Appointment of Auditor.*

Under St. 1890, c. 428, § 8, the Superior Court has authority to embody in a decree, confirming the decision of the commissioners appointed to prescribe the alterations of certain crossings of highways in a town by a railroad at grade, an order that the railroad company and the town "shall forthwith proceed to carry out the work of abolishing the grade crossings of said railroad at" the highways named "in the way and manner set out in the report of said commissioners"; and has authority also, under § 7 of the statute, to embody in such decree the appointment of an auditor, to whom shall be submitted all accounts of expenses incurred in doing the work.

THREE PETITIONS, under St. 1890, c. 428, for the abolition of certain grade crossings in the town of Norwood.  After the former decision, reported 161 Mass. 259, the case came on to be heard in the Superior Court upon the question of entering a decree on the decision of the commissioners.

The decree, after reciting the previous proceedings in the cause, contained the following provisions :

"It is now, after a full hearing of the parties, hereby ordered, adjudged, and decreed that the decision of said commissioners as to Washington, Chapel, and Guild Streets, as shown and set out in their report, be and the same is hereby affirmed, and that the said company and the said town of Norwood shall forthwith proceed to carry out the work of abolishing the grade crossings of said railroad at Washington Street, at Chapel Street, and at Guild Street, in the way and manner set out in the report of said commissioners.

"And that Albert E. Avery, of Braintree, in said county, be and is hereby appointed auditor, to whom from time to time shall be submitted all accounts of expense, whether incurred by

said road, said town, commission, or auditor, who shall audit the same, and make report thereon to the court."

From this decree the railroad company appealed to this court. The grounds of the appeal appear in the opinion.

*F. A. Farnham*, for the railroad company.

KNOWLTON, J.   The appellant objects to the decree of the court on two grounds: first, that it directs " that said company and the said town of Norwood shall forthwith proceed to carry out the work of abolishing the grade crossings of said railroad at Washington Street, at Chapel Street, and at Guild Street, in the way and manner set out in the report of said commissioners "; and, secondly, that it appoints an auditor to whom shall be submitted all accounts of expenses incurred in doing the work.

The decree in regard to carrying out the work simply states the legal duty which would be imposed by the statute if the decree were silent in regard to it.   But the act contains this express provision: " The Superior Court, or any justice thereof sitting in equity in any county, shall have jurisdiction to compel compliance with this act, and with the decrees, agreements, and decisions made thereunder; and may issue and enforce such interlocutory decrees and orders as justice may require."   St. 1890, c. 428, § 8.   This authorizes the making of an order for doing the work at the time of confirming the decree of the commissioners, as well as afterwards.

Section 7 of the statute expressly authorizes the appointment of an auditor.   The appointment in this case was properly made, and properly embodied in the decree confirming the decision of the commissioners.

*Decree affirmed.*